IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 13, 2001

## WESLEY LEE WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cocke County**
**No. 24,756    Rex Henry Ogle, Judge**

---

**No. E1999-02221-CCA-R3-PC**
**April 10, 2001**

---

Wesley Lee Williams appeals the denial of his claim for post-conviction relief.  He claims that his guilty pleas were not knowingly, voluntarily and intelligently entered because he was mentally impaired and taking prescription medication at the time he entered the pleas.  He further claims that the trial court committed error of constitutional dimension in failing to inquire about his mental condition and the effect of his medication on his mental state.  We conclude, as did the lower court, that the petitioner has failed to carry his burden of proof.  Accordingly, we affirm the lower court's denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

David B. Hill, Newport, Tennessee, for the Appellee, Wesley Lee Williams.

Paul G. Summers, Attorney General & Reporter; Peter M. Coughlan, Assistant Attorney General; Al Schumtzer, District Attorney General; James B. Dunn, Assistant District Attorney General, for the Appellant, State of Tennessee.

### OPINION

The petitioner, Wesley Lee Williams, appeals the Cocke County Circuit Court's denial of his petition for post-conviction relief.  Williams claims that his guilty pleas were not knowingly, voluntarily and intelligently entered and that the trial court ran afoul of the Due Process Clause in failing to inquire about the petitioner's mental state and medication prior to the plea submission hearing.  The lower court found that the petitioner had failed to carry his burden of proving that his plea was less than knowingly, voluntarily and intelligently entered and therefore denied relief.  Upon review of the record, the briefs of the parties, and the applicable law, we agree

that the petitioner has not demonstrated his claim of an involuntary plea by clear and convincing evidence. Likewise, we hold that the petitioner has failed to demonstrate that the conviction court had any obligation in his case to make further inquiry into the petitioner's mental state and medication status. Thus, we affirm the lower court's denial of the petition.

The petitioner was charged with capital murder for the brutal killing of a man with whom the petitioner thought his wife was having an extramarital affair.[1] In an apparently unrelated case, the petitioner was also charged with stalking his wife. Shortly before the capital case was set for trial, one of the petitioner's two attorneys entered into plea negotiations with the district attorney general and one of his assistants. Over stringent objections from the victim's family, the state offered a plea agreement to the crime of second degree murder with a 25-year sentence to be served at 100 percent, with up to fifteen percent allowed for sentence reduction credits. The state also agreed to allow the petitioner to enter a guilty plea to misdemeanor stalking with a concurrent sentence of eleven months, 29 days. The petitioner agreed to plead guilty. The trial court conducted a plea submission hearing, and judgment was entered accordingly.

Apparently, the petitioner later became dissatisfied with his plea agreement because he filed this post-conviction action in which he alleged his guilty pleas were not knowing, voluntary and intelligent. He alleged in his *pro se* petition that counsel told him he would serve only 35 percent of his sentence before becoming parole eligible, and but for this understanding, he would not have pleaded guilty. Later, with the assistance of counsel, he amended his petition to allege that his guilty plea was involuntary because he was mentally incompetent, suffering from diminished capacity and under the influence of prescription medication at the time it was entered. The petitioner also alleged that the trial court erred in not conducting further inquiry into the medications he was taking and their effect on him.

In support of his allegations, the petitioner testified at the post-conviction hearing that he was taking Zoloft and Trazodone at the time he entered his plea and that these drugs affected his ability to understand the proceedings at the plea submission hearing. He did not elaborate on the alleged effect these medications had on his cognitive abilities other than to describe Trazodone as a tranquilizer. The petitioner also testified at the hearing that he did not enter a knowing, voluntary and intelligent guilty plea because he was advised by counsel that he would serve his 25-year sentence with a 35 percent release eligibility date. The petitioner admitted on questioning by the post-conviction court that he remembered the trial court explaining his sentence and release eligibility date to him. He further acknowledged memory of defense counsel advising the trial court that the petitioner was on three types of medication which had positively affected his ability to "understand[] the process."

---

[1] According to the state's recitation of its evidence at the plea submission hearing, the victim, "Wesley Lee Fowler," suffered a crushed skull from numerous blows to the head and a puncture wound to the chest consistent with stabbing with a tire tool. Post-mortem, Mr. Fowler's sexual organs were mutilated and placed into his mouth. The defendant confessed to the crime.

To contradict the petitioner's proof, the state offered the testimony of one of the petitioner's two trial attorneys. She testified that the petitioner was thoroughly advised and well aware that he would be classified as a violent offender with 100 percent service of his sentence required and no more than 15 percent reduction for sentence credits. Counsel recalled that the petitioner had urged her to seek a plea bargain to the crime of second degree murder, and she had complied with his wishes despite resistance from the district attorney and the victim's family. Counsel testified that the petitioner had been evaluated and found competent to stand trial. Counsel reviewed the petitioner's mental health records but found that they were not as helpful to the defense as she had hoped. She was aware that the petitioner was in the borderline range for intellectual functioning, and she made an effort to communicate with him in a way that he could understand. Initially, communicating with the petitioner was challenging due to his unwillingness to listen to discussion of the legal issues related to his case; however, once the petitioner underwent pharmaceutical therapy, communication with him was greatly improved. Counsel testified that the petitioner understood what was happening on the day he entered his guilty plea, and she was absolutely certain that he understood the release eligibility portion of the bargained-for sentence.

The state also offered as an exhibit the transcript of the guilty plea hearing. That document reveals that the release eligibility portion of the sentence was mentioned multiple times during the course of the proceedings. The petitioner explicitly acknowledged his understanding of the sentence, including release eligibility, three times during the proceedings. The state brought petitioner's mental status to the court's attention, and one of the petitioner's attorneys advised the court, "Your Honor, he's on three different types of medication. It's made a world of difference with him since he's been prescribed those medications. I think he fully understands the process. . . . He's been very sensible in his discussions with us, Your Honor." After this assurance, the trial court pronounced judgment.

Based upon this evidence, the lower court found that the petitioner's testimony was not credible in comparison with that of trial counsel. Thus, the court rejected the petitioner's claim that he was told he would serve only 35 percent of his sentence before becoming eligible for release. The court also found that the petitioner had presented no evidence from which the court could conclude that the petitioner did not understand what he was doing when he entered his plea. The court specifically noted the lack of medical proof. Thus, the lower court denied the petition for post-conviction relief.

The petitioner has now filed this appeal.

In post-conviction proceedings, the petitioner has the burden of proving the claims raised by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) 1997). On appeal, the lower court's findings of fact are reviewed *de novo* with a presumption of correctness that may only be overcome if the evidence preponderates against those findings. *Jehiel Fields v. State*, — S.W.3d —, —, No. E1999-00915-SC-R11-PC, slip op. at 5 (Tenn. Crim. App., Knoxville, Mar. 15, 2001).

When reviewing the entry of a guilty plea, the overriding concern is whether the plea is knowingly, voluntarily and understandingly made. *Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 1712 (1969). "A plea is not 'voluntary' if it is the product of 'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats. . . .'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Boykin*, 395 U.S. at 242-43, 89 S. Ct. at 1712). Moreover, a plea cannot be voluntary if the defendant is "incompetent or otherwise not in control of his mental facilities" at the time it is entered. *Id.* at 904-05 (quoting *Brown v. Perini*, 718 F.2d 784, 788 (6th Cir. 1983)).

In this case, the petitioner failed to sustain his burden of proof with respect to his factual allegations. First, he claimed that his plea was not voluntary because he was incorrectly advised about his release eligibility percentage. The lower court found that the evidence belied this assertion. The evidence does not preponderate against that determination.

Second, the petitioner claimed that his mental state and/or the influence of prescription medication rendered him unable to enter a knowing, voluntary and intelligent guilty plea. The lower court found the petitioner's proof lacking, and again, the evidence does not preponderate to the contrary.

Finally, the petitioner claimed that the trial court should have conducted a competency hearing prior to accepting his plea and pronouncing judgment. In support of this argument, the petitioner cites *Osborne v. Thompson*, 481 F. Supp. 162 (M.D. Tenn.), *aff'd,* 610 F. 2d 461 (6th Cir. 1979). In *Osborne*, the federal district court said that because a mentally incompetent defendant cannot enter a valid guilty plea, a Tennessee state court violated the petitioner's due process rights by pronouncing judgment pursuant to guilty plea when the state court had indications of mental impairment of the petitioner. *Osborne*, 481 F. Supp. at 167. The Sixth Circuit agreed. *See Osborne*, 610 F.2d at 462-63. The district court's opinion in *Osborne* focuses in great detail upon factual evidence that was before the state court regarding the petitioner's questionable mental status, which should have triggered further inquiry by the state court. The need for a competency determination is ultimately made on a case-by-case basis, although there must be some threshold showing "that 'something is amiss'" before the trial court is obliged to conduct an inquiry. *Osborne*, 481 F. Supp. at 170.

After hearing the post-conviction evidence, the post-conviction court found no credible evidence that the petitioner was of questionable mental status at the time he entered his guilty plea.[2] Upon appellate review, the evidence does not preponderate otherwise. Thus, we reject the petitioner's claim that the trial court should have initiated a competency inquiry.

_____

[2]Interestingly, the district court in *Osborne* specifically mentioned that the state court might have been able to sufficiently discharge its competency-determining duty had it "inquired of petitioner's counsel about his competency and understanding of the proceedings. . . ." *Osborne*, 481 F. Supp. at 170. In the present case, the plea-submission transcript reflects that the petitioner's mental health and medication status were brought to the court's attention, and defense counsel assured the court that the petitioner's medication had a positive effect, that the petitioner understood the proceedings, and that the petitioner had been "very sensible" in discussions of the plea agreement.

Because the trial court properly denied post-conviction relief, we affirm its judgment.

_____
JAMES CURWOOD WITT, JR., JUDGE